Exhibit A

| | |
|---|---|
| District Court, _____Arapahoe_____ County, Colorado<br>Court Address:<br><br>7325 S. Potomac St., Centennial, CO 80112<br><br>Plaintiff   Linda Fofana<br><br>v.<br><br>Defendant   Lyft, Inc; and Sterling Infosystems, Inc | DATE FILED: July 10, 2017 11:44 AM<br>FILING ID: 6E2A3BCDE6390<br>CASE NUMBER: 2017CV31506<br><br>▲   **COURT USE ONLY**   ▲<br><br>Case Number:<br><br>Division:       Courtroom: |

**DISTRICT COURT CIVIL SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:** Lyft, Inc; and Sterling Infosystems, Inc._____

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: June 27, 2017_____

s/Matthew R. Osborne_____
Attorney for Plaintiff

10465 Melody Dr, Ste 325
_____

Northglenn, CO 80234
_____
Address of Attorney for Plaintiff

_____
303-759-7018
_____
Attorney's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:**  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>7325 S. Potomac St.<br>Centennial, CO 80112<br><br>Plaintiff(s):  Linda Fofana<br><br>v.<br><br>Defendant(s):  Lyft, Inc; and Sterling Infosystems, Inc | DATE FILED: July 10, 2017 11:44 AM<br>FILING ID: 6E2A3BCDE6390<br>CASE NUMBER: 2017CV31506<br><br>▲              ▲<br><br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Matthew R. Osborne #40835<br>10465 Melody Dr, Ste 325<br>Northglenn, CO 80234<br>Phone Number: (303) 759-7018<br>E-mail: matt@mrosbornelawpc.com | Case Number:<br><br><br><br><br>Division              Courtroom |
| **DISTRICT COURT CIVIL (CV) COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Check one of the following:

   ☒ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

   - A monetary judgment over $100,000 is not sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ❏ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ❏ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

❏ A monetary judgment over $100,000 is sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

❏ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date.  See C.R.C.P. 16.1(e).  In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date.  See C.R.C.P. 16.1(d).*

☐A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐C.R.C.P. 16.1 applies to this case.

☐C.R.C.P. 16.1 does not apply to this case.

**4.** ❏   This party makes a **Jury Demand** at this time and pays the requisite fee.  See C.R.C.P. 38.  (Checking this box is optional.)


Date: June 27, 2017                                                       s/Matthew R. Osborne
                                                                          Signature of Attorney

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>7325 S Potomac St,<br>Centennial, CO 80112<br><br>Plaintiff(s): Linda Fofana<br><br>v.<br><br>Defendant(s): Lyft, Inc; and Sterling Infosystems, Inc | DATE FILED: July 10, 2017 11:44 AM<br>FILING ID: 6E2A3BCDE6390<br>CASE NUMBER: 2017CV31506<br><br>▲                                ▲<br><br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Matthew R. Osborne #40835<br>10465 Melody Dr, Ste 325<br>Northglenn, CO 80234<br>Phone Number: 303-759-7018<br>E-mail: matt@mrosbornelawpc.com | Case Number:<br><br><br><br><br>Division            Courtroom |
| **COMPLAINT** ||

1. Plaintiff is an individual consumer who resides in Littleton, CO.

2. Defendant Lyft, Inc ("Lyft") is a Delaware corporation located in San Francisco, CA.

3. Defendant Sterling Infosystems, Inc ("Sterling") is a Delaware corporation located in New York, NY.

4. On October 30, 2016, Plaintiff applied for a job to be a Lyft driver.

5. On November 2, 2016, via an email sent at 1:08pm, Lyft took adverse action against Plaintiff and told her that her background check did not meet its requirements.

6. On November 2, 2016, via an email sent at 1:19pm, Lyft provided Plaintiff with a copy of the consumer report it had obtained on Plaintiff.

7. The November 2, 2016 consumer report created by Defendant Sterling was inaccurate because it contained information about confinement that was more than 7 years old. Although a criminal conviction may be reported

indefinitely, the FTC has clarified that confinement may be reported for 7 years from the date of release, along with criminal records other than conviction, such as probation and parole.

8. The November 2, 2016 consumer report created by Defendant Sterling was obsolete because it contained information that Plaintiff was given 1 year of unsupervised probation back in 2004, which was well past the 7 year prohibition on reporting adverse information.  Additionally, the report contained information that Plaintiff served jail time in 2006, and in 2000. The report also stated that Plaintiff was convicted of driving with a fictitious plate in 2011, which was false as the Plaintiff moved to Colorado in 2007, and was not in Minnesota in 2011.

9. Plaintiff disputed Sterling's inaccurate and obsolete information with Sterling in November 2016.  Defendant Sterling did respond to Plaintiff's dispute, but did not correct the obsolete and inaccurate information.

## COUNT I, FAIR CREDIT REPORTING ACT (FCRA)

### (Against Defendant Lyft Only)

10. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

11. Defendant Lyft willfully and negligently violated 15 U.S.C. § 1681b(b)(3) by taking adverse action against Plaintiff before providing a copy of the report to Plaintiff.  Lyft had already made its decision not to hire Plaintiff as of November 2, 2016 by 1:08pm, and did not provide Plaintiff with a copy of the report until 1:19pm that same day.

12. Plaintiff did not have a meaningful opportunity to dispute the inaccurate and obsolete information in the Sterling consumer report prior to Lyft taking adverse action against her.

13. Lyft made its decision not to hire Plaintiff well before Plaintiff was given the opportunity to dispute the information with Sterling, and before Sterling was finished with the investigation.

14. On November 12, 2016, Lyft sent Plaintiff an email informing her that her job application was denied, but this email was a pre-text to create the illusion

that adverse action was taken on November 24, 2016 rather than November 2, 2016.

15. On November 24, 2016, Lyft sent Plaintiff an email informing her that her job application was denied, but this email was a pre-text to create the illusion that adverse action was taken on November 24, 2016 rather than November 2, 2016.

16. Lyft's violations of the FCRA caused Plaintiff actual damages to be determined at trial, including emotional distress and lost employment opportunities.

## COUNT II, FAIR CREDIT REPORTING ACT

### (Against Sterling Only)

17. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

18. Defendant Sterling is a consumer reporting agency as defined in the FCRA because it regularly compiles consumer reports to be used by employers for employment purposes.

19. Defendant Sterling willfully and negligently violated 15 U.S.C. § 1681c(a)(5) by reporting adverse information other than criminal convictions, such as confinement, probation, and sentencing information.

20. Defendant Sterling willfully and negligently violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation into Plaintiff's disputes, including failing to correct the inaccurate and obsolete information on Plaintiff's consumer report.  Sterling did not use full matching procedures, i.e. SSN, race, physical description, or driver's license number when it investigated Plaintiff's dispute of the 2011 conviction, which did not belong to her.

21. Defendant Sterling's violations of the FCRA caused Plaintiff actual damages to be determined at trial, including embarrassment, humiliation, and inconvenience.

WHEREFORE, Plaintiff prays for the following relief:

a. actual damages to be determined at trial;
b. punitive damages to be determined at trial;
c. attorney fees and costs.

s/ Matthew R. Osborne
Attorney for Plaintiff